# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

Plaintiff,

v.

DANIEL FIGUEROA-RANGEL,

Defendant.

2:10-CR-168 JCM (RJJ)

## ORDER

Presently before the court is the report and recommendation of Magistrate Judge Robert J. Johnston (doc. #58) regarding defendant's motion to suppress statements for Fifth Amendment violation (doc. #41). The magistrate court considered defendant's motion (doc. #41), the government's response (doc. #46), defendant's reply (doc. #52), and testimony at evidence presented at a July 6, 2011, hearing on this motion (doc. #58). Defendant did not file an opposition to the report and recommendation.

In the report and recommendation, Judge Johnston details and analyzes the conflicting accounts of (1) the stop and arrest, and (2) the subsequent interrogation. (Doc. #58). After considering the totality of defendant's situation, Judge Johnston finds that any statements made by defendant were not the result of defendant's will being overborne. (Doc. #58).

First, Judge Johnston finds that defendant is not a credible witness about the allegedly harsh treatment at arrest and interrogation. (Doc. #58). Contrary to defendant's assertions: (1) defendant was not compelled to speak in English at the interrogation; (2) the audio recording of the interrogation does not display detectives refusing Figueroa's alleged request for "human rights" or

**James C. Mahan**
**U.S. District Judge**

stating that the police already knew everything; and (3) defendant's allegations of the cavity search are not credible because multiple people testified that it did not occur, Figueroa did not appear to be in pain on the audio recording, defendant did not mention the cavity search during his arrest or booking, and there was no evidence of blood on his undergarments or pants. (Doc. #58).

Second, Judge Johnston finds that, even assuming the cavity search and harsh treatment by the arresting officers had occurred, "Figueroa's will would not have been overborne." (Doc. #58). The interrogation occurred three hours after the arrest and the alleged cavity search. The interrogation only lasted thirty minutes and was conducted by two officers who had not arrested Figueroa. Figueroa appeared calm at all points from his arrest to his interrogation. There is nothing about Figueroa's health, age, or intelligence that would be cause for doubt about the voluntariness of his interrogation. Finally, a Spanish interpreter was present at the interrogation to assist Figueroa. The totality of the circumstances surrounding the interrogation do not show that (1) his *Miranda* waiver was involuntary, or (2) any statements Figueroa made during the interrogation were involuntary.

Upon review of the report and recommendation (doc. #58), and there not being any objections,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that United States Magistrate Judge Robert J. Johnston's recommendation (doc. #58), be, and the same hereby is, AFFIRMED in its entirety.

IT IS THEREFORE ORDERED that defendant Daniel Figueroa-Rangel's motion to suppress statements for Fifth Amendment violation (doc. #41) be, and the same hereby is, DENIED.

DATED October 4, 2011.

_____
UNITED STATES DISTRICT JUDGE